UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KIM,<br><br>        Plaintiff,<br><br>    v.<br><br>KIHWAN YOON,<br><br>        Defendant. | Case No. 21-cv-04454-SVK<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

This lawsuit arises out of an allegedly low performance rating given to Plaintiff Andrew Kim by Defendant Kihwah Yoon, Plaintiff's immediate supervisor at Applied Materials Inc. ("AMAT"). Ex. A to Dkt. 1 (Complaint) ¶ 1. AMAT later "reversed" this performance review "by changing [Plaintiff's] rating from Limited Contribution to Valued Contributor," and "reinstated" Plaintiff's bonus. *Id.* ¶ 17. Plaintiff asserts claims for Family and Medical Leave Act ("FMLA") retaliation, defamation/libel per se, and intentional infliction of emotional distress. *Id.* The parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 10. Now before the Court is Defendant's motion to dismiss the complaint. Dkt. 8. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable without oral argument. For the reasons that follow, the motion to dismiss is **GRANTED IN PART and DENIED IN PART.**

**I.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the

1  court must presume the plaintiff's allegations are true and draw all reasonable inferences in the
2  plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is
3  not required to accept as true "allegations that are merely conclusory, unwarranted deductions of
4  fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
5  2008).

6        To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to
7  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This
8  "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer
9  possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

10       If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that
11 the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d
12 245, 248 (9th Cir. 1995).

## II. DISCUSSION

### A. Request for Judicial Notice

In support of his opposition to the motion to dismiss, Plaintiff asks the Court to take judicial notice of two charts from Yahoo! Finance showing historic stock prices for AMAT during different time periods. Dkt. 11-1. Plaintiff cites these documents in support of his statement that "the bonus Plaintiff eventually received [on February 22, 2021]—in the form of shares of Applied Materials stock—was substantially lower in value than the bonus he would have received had he been appropriately evaluated by Defendant in the first instance and received his stock shares on December 9, 2020." Dkt. 11 at 6 n.3. A court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Information about the stock price of publicly traded companies, including such information in the form of a stock price chart from Yahoo! Finance, is the proper subject of judicial notice. *See Immanuel Lake v. Zogenix, Inc.*, No. 19-cv-01975-RS, 2020 WL 3820424, at *4-5 (N.D. Cal. Jan. 27, 2020). Accordingly, the Court takes judicial notice of the stock price charts attached as Exhibits A and B to the Mailhoten Declaration (Dkt. 11-2).

**B.    FMLA Retaliation Claim**

In his claim for retaliation in violation of the FMLA, Plaintiff alleges that he took FMLA leave and, as a result, "suffered an adverse employment action in that he was subjected to the lowest possible rating and the loss of his annual bonus which was later reinstated." Complaint ¶ 22. As a preliminary matter, Defendant asserts that negative consequences suffered by an employee because he used FMLA leave are not actionable as retaliation but are instead covered under 29 U.S.C. § 2615(a)(1), which makes it unlawful for an employer to "interfere with" FMLA rights. Dkt. 8 at 4. Defendant argues such a claim fails because Plaintiff has not pleaded the fourth element of an FMLA interference claim: that he provided sufficient notice of his intent to take FMLA leave. *Id.* at 4-5. Defendant also argues that Plaintiff has not pleaded the fifth element of an FMLA claim, which is that his employer denied him the FMLA benefits to which he was entitled. *Id.* Plaintiff responds that the Complaint adequately sets forth facts to establish the elements alleged to be missing from his FMLA claim or those facts "can reasonably be inferred" from the Complaint. Dkt. 11 at 3-6.

Defendant's motion to dismiss the FMLA retaliation claim is **GRANTED** for the following reasons:

- Although the Complaint refers to Plaintiff taking FMLA leave in July 2020 (Complaint ¶ 20), Plaintiff acknowledges in his opposition that "the complaint does not go into great detail regarding the specific steps Mr. Kim took to exercise his FMLA leave rights." Dkt. 11 at 5. Although "great detail" is not required (*see* Fed. R. Civ. P. 8), the Complaint does not adequately allege what notice, if any, Plaintiff gave to Defendant or anyone else that he was taking FMLA leave, which is a required element of a claim for FMLA interference. *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

- Because the Complaint admits that Plaintiff's annual bonus was "reinstated" after Defendant's performance review of Plaintiff was "reversed" (Complaint ¶¶ 17, 22), the Complaint does not allege that Plaintiff suffered losses that are compensable under the FMLA. *See Farrell v. Tri-County Metropolitan Dist. of Oregon*, 530

3

F.3d 1023, 1025 (9th Cir. 2008).  Although Plaintiff now argues that he suffered recoverable damages "*due to the delay* in receipt of the bonus to which he as entitled" (Dkt. 11 at 7 (emphasis in original)), this theory and the supporting factual allegations are not included in the existing Complaint.

Plaintiff argues that he "can readily amend his Complaint to include more specific facts regarding both his having satisfied all the requirements to take protected FMLA leave, and regarding the actual loss he suffered as a direct consequence of Defendant's misconduct." *Id.*  Defendant's argument that the Complaint contains binding judicial admissions (Dkt. 12, 5-6) is premature.  The Court therefore grants Plaintiff leave to amend the Complaint to address these deficiencies in his FMLA claim.

### C. Defamation/Libel Per Se Claim

Plaintiff's claim for defamation/libel per se is based solely on Defendant's performance review of Plaintiff.  Complaint ¶ 28.  Defendant argues that this claim fails for three reasons.  First, Defendant argues that Plaintiff has not pleaded publication, a required element of a defamation claim.  Dkt. 8 at 6.  Second, Defendant argues that absent circumstances not present here, defamation claims cannot be based on performance reviews.  *Id.* at 6-8.  Third, Defendant argues that Plaintiff has not shown that the allegedly defamatory remark injured his reputation or caused him to suffer actual damages.  *Id.* at 8.

Defendant's motion to dismiss the defamation/libel per se claim is **GRANTED IN PART and DENIED IN PART** for the following reasons:

- Defendant argues, and Plaintiff does not dispute, that publication of the allegedly defamatory remark is a required element for a defamation claim.  *See Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).  The Court agrees with Plaintiff that the Complaint adequately alleges publication because it specifically alleges that the performance review was published (Complaint ¶ 28) and that fact can be further inferred from other allegations of the Complaint (*see id.* ¶¶ 14, 17, and 22).  Accordingly, the motion to dismiss on the defamation/libel per se claim on this ground is **DENIED.**

- The Parties agree that defamation claims cannot be based on performance reviews except in limited circumstances, such as where they include accusations of "criminal conduct, lack of integrity, dishonesty, incompetence, or reprehensible personal characteristics or behavior." *See* Dkt. 8 at 6-7; Dkt. 11 at 9-10; *see also Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 964 (1993). Plaintiff argues that his performance review contained statements that he failed to attend certain meetings, failed to provide coverage for his absence, and took paid time off rather than FMLA that "speak directly to Plaintiff's competence and/or integrity." Dkt. 11 at 9-10. Plaintiff also argues that such statements are assertions of fact rather than opinion. *Id.* Defendant argues that the statements in the performance review do not bear on Plaintiff's competence or integrity. Dkt. 12 at 9-10. At this pleading stage, it cannot be determined whether Defendant's alleged statements are privileged or fall into an exception to the general rule that defamation cannot be based on performance reviews, and therefore the motion to dismiss the defamation/libel per se claim on this ground is **DENIED**.
- The allegation in the Complaint that the performance review "damaged [Plaintiff's] reputation and standing" (Complaint ¶ 32) is conclusory and is not adequate in light of allegations elsewhere in the Complaint that the review was "reversed" (*id.* ¶ 17). Accordingly, the motion to dismiss the defamation/libel per se claim on this ground is **GRANTED.**

The Court therefore grant Plaintiff leave to amend the Complaint to address the deficiencies in his defamation/libel per se claim.

**D.     Intentional Infliction of Emotional Distress Claim**

Plaintiff's claim for intentional infliction of emotional distress ("IIED") alleges that he suffered emotional distress as a result of Defendant's negative performance review. Complaint ¶¶ 36-39. Defendant argues that this claim fails for two reasons: (1) Plaintiff has not pleaded any of the elements of IIED; and (2) such a claim is barred by the workers' compensation exclusivity rule. Dkt. 8 at 8-12.

5

### 1. Adequacy of an IIED Claim

Plaintiff agrees with Defendant on the elements of an IIED claim but argues that facts regarding each of these elements are "sufficiently set forth or implied" in the Complaint. Dkt. 11 at 11. Defendant's motion to dismiss the IIED claim is **GRANTED** for the following reasons:

- The Complaint does not plausibly plead that Defendant's performance review of Plaintiff amounted to extreme and outrageous conduct with intent to cause, or reckless disregard for the probability of causing, emotional distress, as required to state a claim for IIED. *See Love v. Motion Indus. Inc.*, 309 F. Supp. 2d 1128, 1137 (N.D. Cal. 2004).
- To be actionable, emotional distress must be "of such substantial quantity or during quality that no reasonable man in a civilized society should be expected to endure it." *Simo v. Union of Needletrades*, 322 F.3d 602, 622 (9th Cir. 2003) (citation omitted); *see also Landucci v. State Farm Ins.*, 65 F. Supp. 3d 694, 711-12 (N.D. Cal. 2014). Plaintiff's allegations that he suffered "severe emotional distress" (Complaint ¶¶ 36, 38) are conclusory and are not supported by any factual allegations regarding the nature and severity of Plaintiff's alleged emotional distress.
- The Complaint fails to plead that the emotional distress was actually and proximately caused by Defendant's outrageous conduct, as required to state an IIED claim. *Love,* 309 F. Supp. 2d at 1137.

The Court grants Plaintiff leave to amend the complaint if he can address these deficiencies in his IIED claim.

### 2. Workers' Compensation Preemption

Defendant argues that as pleaded, the IIED claim is barred by workers' compensation. *See* Cal. Labor C. § 3601 (providing that workers' compensation is "the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employments"); *see also Estrada v. Wal-Mart Stores, Inc.*, No. 16-CV-04091-LB, 2016 WL 5846977, at *8 (N.D. Cal. Oct. 6, 2016) ("The California Workers' Compensation Act is broadly

1   construed, and includes, for example, emotional distress damages resulting from the act of
2   termination and the acts leading up to termination because they both necessarily arise out of an
3   occur during and in the course of employment" (internal quotation marks and citations omitted)).
4   Plaintiff argues that this case falls within exceptions to workers' compensation preemption.  Dkt.
5   11 at 13.

"[U]nless an employer's conduct contravenes fundamental public policy or exceeds the risks inherent in the employment relationship, an employee's emotional distress injuries are subsumed under the exclusive remedy provision of workers' compensation." *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST, 2018 WL 2984834, at *8 (N.D. Cal. June 14, 2018) (citing *Livitsanos v. Super. Ct.*, 2 Cal. 4th 744, 754 (1992) (internal quotation marks omitted)).  Because the Court grants Plaintiff leave to amend his IIED claim, the pleadings are not yet settled and a determination of whether the claim falls within an exception to workers' compensation preemption is premature.  Accordingly, the Court **DENIES** the motion to dismiss the IIED claim on this ground, without prejudice to Defendant making such an argument in connection with Plaintiff's forthcoming amended complaint.

### III.     CONCLUSION AND DISPOSITION

For the foregoing reasons, the Court orders as follows:

1. Defendant's motion to dismiss the Complaint is **GRANTED IN PART and DENIED IN PART.**
2. On those claims where the Court has granted leave to amend, if Plaintiff wishes to address the deficiencies identified in this order, he may file a First Amended Complaint ("FAC") within **14 days** of the date of this order**.**
3. Defendant must file a response to the FAC within **14 days** of the filing of the FAC.
4. If Defendant responds by filing a motion to dismiss the FAC, the normal briefing schedule of Civil Local Rule 7-3 will apply.  The Court will inform the Parties if a hearing is necessary.
5. The Case Management Conference scheduled for October 12, 2021 is **VACATED**. The Court will reset the CMC for the first available CMC date following

Defendant's answer.

**SO ORDERED.**

Dated:  September 28, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge